```
                                        FILED
                                    U.S. DISTRICT COURT
                                 EASTERN DISTRICT ARKANSAS
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS            MAY 0 6 2011

                                        JAMES W. McCORMACK, CLERK
                                        By: _____
                                                          DEP CLERK
LAUREN TILLMAN RUSSELL    )
      Plaintiff,          )
                          )
vs.                       )    Civil Action No. 4:11-CV-03843 RW
                          )
                          )
PIONEER CREDIT RECOVERY, INC. )  This case assigned to District Judge Wilson
      Defendant,          )      and to Magistrate Judge Deere
                          )
```

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Lauren Tillman Russell, an individual consumer, against Defendant, Pioneer Credit Recovery, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that Defendant transacts business here.

### *III. PARTIES*

3. Plaintiff, Lauren Tillman Russell, is a natural person with a permanent residence in, Conway, Faulkner County, Arkansas.

4. Upon information and belief Defendant, Pioneer Credit Recovery, Inc., is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 26 Edward St., Arcade, Wyoming County, NY 14009. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### *IV. FACTUAL ALLEGATIONS*

6. Upon information and belief, Defendant began attempting to contact the Plaintiff in connection with the alleged debt on July 27, 2010.

7. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, called Plaintiff's workplace and stated that Defendant was a family member of Plaintiff; that there was a family emergency; and that Plaintiff needed to come to the phone immediately.

8. Plaintiff, upon the first call by Defendant to her place of work, did inform Defendant, that her employer does not allow her to receive personal calls at work.

9. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, did attempt to contact Plaintiff at work after being notified by Plaintiff that Plaintiff is not allowed to receive such calls at work.

10. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, has stated to Plaintiff, "We will take your house."

11. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, has stated to Plaintiff, "We'll seize your checking account and savings account.

12. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff, "You will lose anything you care about."

13. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff, "We are the U.S. Department of Education."

14. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff, "We are with the government and the government can seize things."

15. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, did leave a voicemail message with Plaintiff's in-laws' home telephone answering system, who are not co-signers on the alleged debt.

16. Within one (1) year preceding the date of this Complaint, the voicemail message left on Plaintiff's in-laws' home telephone answering system by Defendant did reveal the name of Defendant.

17. Within one (1) year preceding the date of this Complaint, the voicemail message left on the Plaintiff's in-laws' home telephone answering system by Defendant did reveal that Defendant is a debt collector.

18. Within one (1) year preceding the date of this Complaint, the voicemail message left on Plaintiff's in-laws' home telephone answering system by Defendant did reveal that Plaintiff allegedly owes a debt.

19. Within one (1) year preceding the date of this Complaint, the voicemail message left on Plaintiff's in-laws' home telephone answering system by Defendant did reveal the amount of the alleged debt owed.

20. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, did leave a voicemail message with Plaintiff's sister-in-law's home telephone answering system, who is not co-signers on the alleged debt.

21. Within one (1) year preceding the date of this Complaint, the voicemail message left on Plaintiff's sister-in-law's home telephone answering system by Defendant did reveal the name of Defendant.

22. Within one (1) year preceding the date of this Complaint, the voicemail message left on Plaintiff's sister-in-law's home telephone answering system by Defendant did reveal that Defendant is a debt collector.

23. Within one (1) year preceding the date of this Complaint, the voicemail message left on Plaintiff's sister-in-law's home telephone answering system by Defendant did reveal that Plaintiff allegedly owes a debt.

24. Within one (1) year preceding the date of this Complaint, the voicemail message left on Plaintiff's sister-in-law's home telephone answering system by Defendant did reveal the amount of the alleged debt owed.

25. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, did leave a voicemail message with Plaintiff's step-sister's home telephone answering system, who is not co-signers on the alleged debt.

26. Within one (1) year preceding the date of this Complaint, the voicemail message left on Plaintiff's step-sister's home telephone answering system by Defendant did reveal the name of Defendant.

27. Within one (1) year preceding the date of this Complaint, the voicemail message left on Plaintiff's step-sister's home telephone answering system by Defendant did reveal that Defendant is a debt collector.

28. Within one (1) year preceding the date of this Complaint, the voicemail message left on Plaintiff's step-sister's home telephone answering system by Defendant did reveal that Plaintiff allegedly owes a debt.

29. Within one (1) year preceding the date of this Complaint, the voicemail message left on Plaintiff's step-sister's home telephone answering system by Defendant did reveal the amount of the alleged debt owed.

30. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff's in-laws and stated to them that it was a friend of Plaintiff from college and needed to get in touch with her

31. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, attempted to contact the Plaintiff at work in such a continuous and abusive manner that Plaintiff was left no choice but to leave the company.

## V. *CLAIM FOR RELIEF*

32. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

33. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   (a) Defendant violated *§1692b(1)* of the FDCPA by contacting a third party and failing to state that he is confirming or correcting location information concerning the consumer; and

   (b) Defendant violated *§1692b(1)* of the FDCPA by contacting a third party and identifying his employer without being expressly requested to do so; and

   (c) Defendant violated *§1692b(2)* of the FDCPA by telling a third party that Plaintiff owes an alleged debt; and

   (d) Defendant violated *§1692b(3)* of the FDCPA by calling a third party more than once without being requested to do so by the third party and without the reasonable belief that an earlier response from the third party was erroneous or incomplete and that now the third party has correct or complete location information; and

   (e) Defendant violated *§1692c(a)(1)* of the FDCPA by communicating at a time or place known or which should be known to be inconvenient to Plaintiff; and

   (f) Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with Plaintiff at Plaintiff's place of employment when Defendant knew

or had reason to know that Plaintiff's employer prohibits Plaintiff from receiving such communication; and

(g) Defendant violated *§1692c(b)* of the FDCPA by contacting a third party in connection with the collection of the alleged debt without the consent of Plaintiff and the contact was not in a manner covered by *§1692b* of the FDCPA; and

(h) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

(i) Defendant violated *§1692d(2)* of the FDCPA by using obscene or profane language or language the natural consequences of which is to abuse the hear or reader in connection with the collection of an alleged debt; and

(j) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly and/or continuously with the intent to annoy, abuse or harass any person at the called number; and

(k) Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity and the call was not in a manner covered by *§1692b* of the FDCPA; and

(l) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(m) Defendant violated *§1692e(1)* of the FDCPA by giving the false representation or implication that the Defendant is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof; and

(n) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the seizure of real property of Plaintiff when such action is unlawful and Defendant or alleged creditor does not intend to take such action; and

(o) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the seizure of property of Plaintiff when such action is unlawful and Defendant or alleged creditor does not intend to take such action; and

(p) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that Defendant does not intend to take and/or Defendant cannot legally take; and

(q) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

(r) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the obtaining of information concerning Plaintiff; and

(s) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

34. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

35. As a result of the foregoing violations of the FDCPA, defendant is liable to the Plaintiff, Lauren Tillman Russell, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Pioneer Credit Recovery, Inc., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

## VI. DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Lauren Tillman Russell, demands trial by jury in this action.

This 29th day of April, 2011.

ATTORNEY FOR PLAINTIFF
Lauren Tillman Russell

Respectfully submitted,
By:

*/s/ Kevin J. Buckley, Jr.*
Kevin J. Buckley, Jr., Esq.
EDAR Bar. No. 674594
Consumer Rights Law Firm
191 Merrimack Street, Suite 302
Haverhill, Massachusetts, 01830
Phone: (978) 212-3300
Fax: (888) 712-4458