FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 20 2012

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

LAUREN TILLMAN RUSSELL                          PLAINTIFF

V.                  CASE NO. 4:11-CV-00384BRW

PIONEER CREDIT RECOVERY, INC.                    DEFENDANT

## AGREED PROTECTIVE ORDER

The parties to this case, through their respective counsel, agree to protect the confidentiality of certain information (including deposition testimony) and documents (including documents stored in any electronic format) which may be discovered or offered into evidence at the trial of this case. The parties agree that the confidentiality of such information and documents shall be preserved under the terms of this Protective Order.

1. It is agreed that material requested by either party, which they deem confidential, and which said party reasonably and in good faith believes constitutes or contains personal or proprietary information, or is otherwise protectable under applicable law, shall be disclosed only to the following individuals, each of whom shall be required to read this Protective Order and agree to abide by its terms before being given any of the information:

     a.      Counsel for plaintiff and counsel for the defendant who are actively engaged in the conduct of this litigation and the attorneys' staff to the extent reasonably necessary to render professional services in the litigation;

     b.      The parties to the litigation;

     c.      The experts of the plaintiff and defendant or their counsel;

1114854-v1



    d.    Court reporters, videographers or other similar outside professionals rendering services to the plaintiff or defendant or their attorneys in connection with this litigation; and

    e.    Any other individuals included by order of the Court.

2.    Documents produced by the parties to which this Protective Order is applicable shall be stamped "CONFIDENTIAL." The designation "CONFIDENTIAL" shall be made by affixing on the document or material containing such information, and upon each page so designated if practicable, a legend that in substance states "[INITIALS OF DESIGNATING PARTY]-CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER IN UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF ARKANSAS, *LAUREN TILLMAN RUSSELL V. PIONEER CREDIT RECOVERY, INC.*, Case No. 4:11-CV-00384BRW."

3.    The term "document" or "documents," as used in this Protective Order shall have the same meaning as contemplated by the Federal Rules of Civil Procedure.

4.    Confidential Information of a party includes information otherwise entitled to protection under Rule 26(c)(1) of the Federal Rules of Civil Procedure as well as information subject to conditional or limited disclosure under any and all applicable federal or Arkansas statutes, rules or regulations.

5.    The inadvertent production, without designation as confidential, of information or a document intended to be designated or that should have been designated as being confidential shall not waive the right to so designate such document or information. Any information or documentation that is inadvertently not designated as being confidential when produced shall be thereafter treated as being designated as confidential under this Protective Order so long as within thirty (30) days after the inadvertent production of the documentation, the producing party

sends a written request to the recipient seeking that the document(s) be designated as confidential. After such request, a party may still challenge the designation of confidential in the manner prescribed in paragraph seven (7) of this Protective Order.

6. A party may designate as "CONFIDENTIAL" portions or all of any deposition transcript wherein materials designated as "CONFIDENTIAL" are identified, discussed, or disclosed. Portions of a deposition transcript so designated will be subject to the terms of this Protective Order. The designation must be made on the record before, during, or after the deposition, or by letter sent by facsimile to opposing counsel within ten business days after receipt of the transcript. The portions of a deposition transcript that mention or discuss materials designated as "CONFIDENTIAL" must be automatically treated as "CONFIDENTIAL" whether designated before, during, or after the deposition as such or not, and therefore will be subject to this Protective Order until 5:00 p.m. Central Time on the tenth business day after receipt of the transcript. All portions of the deposition transcript not designated, as stated herein, as "CONFIDENTIAL" by 5:00 p.m. Central Time on the tenth business day after receipt of the transcript are excluded from the protections of this Protective Order. If a designation of "CONFIDENTIAL" is made on the record before, during, or after a deposition, no additional written designation of "CONFIDENTIAL" is required.

7. A party who wishes to challenge the "CONFIDENTIAL" designation made by the producing party must object to a designation by notifying the producing party in writing of that objection, specifying the designated material to which the objection is made, and stating the basis for the objection. The parties shall, within thirty (30) days of service of the written objection, confer concerning the objection. If the objection is not resolved by the end of the thirtieth day after the objection, the producing party shall have an additional fifteen (15) business

days after expiration of the aforementioned period in which to file a motion to resolve the dispute over the designation of the material. The producing party shall bear the burden of proving the information or document is properly designated as confidential. If no such motion is filed within the stated time period, the information or document previously designated as confidential and subject to the objection made by the non-producing party shall not be deemed to be confidential and shall not be covered by this order. If a motion is filed, the information or document subject to dispute shall, until further order of the Court, be treated consistently with its designation. With respect to any information or document which is redesignated or ceases to be subject to the protection of this Protective Order, the producing party shall, at its expense, upon request of the non-producing party, provide to the non-producing party one copy thereof from which all confidentiality legends affixed hereunder have been adjusted to reflect the redesignation or removed as appropriate.

8. Subject to the Federal Rules of Evidence and other orders or rulings of the Court, any information or documents designated as "CONFIDENTIAL" may be offered in evidence at trial or any Court hearing. Any party may move the Court to prevent unnecessary disclosure of the information and documents designated as "CONFIDENTIAL."

9. Any material submitted to or filed with the Court which contains information covered by this Protective Order shall be filed under seal, in a sealed envelope marked to indicate that the enclosed material contains information or documents designated as "CONFIDENTIAL" and is to be made available only to the presiding judge and the judge's staff unless and until the Court orders otherwise. The parties may agree subsequently to exclude any information or documents from coverage under this Protective Order and, upon motion of a party or upon the Court's own motion, the Court may exclude any information or documents from

coverage under this Protective Order. Nothing in this Protective Order shall restrict any use by a producing party of its own confidential information or documents.

10. No lawyer for a party may comment in the presence of the jury on the reasons or motivation for designating materials as "CONFIDENTIAL" or otherwise unnecessarily call attention to the "CONFIDENTIAL" designation, without first having obtained permission from the Court to do so.

11. The information and documents covered under this Protective Order shall be used only for purposes of this litigation. No individual shall disclose any of the information or documents any other individual, directly or indirectly, except as authorized by this Protective Order. No individual shall use any of the information or documents covered under this Protective Order to the detriment of the producing party or for any other business or financial benefit of the individual.

12. In the event of a disclosure in violation of this Protective Order (whether intentional or unintentional), the disclosing party shall immediately notify the opposing party of the disclosure and take immediate action to prevent further disclosure. Nothing in this Protective Order prevents the other party from seeking redress from the Court for any violation of this Protective Order.

13. In the event either party is subpoenaed or otherwise required by legal process to disclose "CONFIDENTIAL" information or documents, that party shall immediately notify the opposing party by written communication and provide the other party with an opportunity to object before any disclosure of "CONFIDENTIAL" information or documentation is made.

14. Within one year of the conclusion of all aspects of the litigation of this case, "CONFIDENTIAL" information and documents and all copies in print (other than exhibits of

record), on computer disc or in any type of electronic format shall be destroyed. Either party may seek an extension of this deadline by agreement or upon motion to the Court. During the pendency of any request, the "CONFIDENTIAL" information and documents must be maintained and not destroyed or returned to the party which produced the information or documents.

IT IS SO ORDERED.

_____
U.S. DISTRICT JUDGE

DATED: 03/20/2012

APPROVED AS TO FORM:

LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
(312) 546-6539
Fax: (888)-418-1277
Email: dmarco@smithlaw.us

By: _____
David M. Marco
Attorneys for plaintiff


WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
Fax: (501) 376-9442
Email: jhenry@wlj.com
       ajung@wlj.com

By: _____
Judy Simmons Henry (84069)
Adrienne L. Jung (2007159)
Attorneys for defendant